IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARRY A. BORZYCH,

                Plaintiff,

v.

WISCONSIN LEGISLATURES,
GWENDOLYN A. VICK, LINDA
ALSUM, TONIA MOON, EMILY
DAVIDSON, and CINDY O'DONNELL,

                Defendants.

ORDER

20-cv-485-wmc

---

*Pro se* plaintiff Garry Borzych is a state inmate incarcerated by the Wisconsin Department of Corrections at the Waupun Correctional Institution ("WCI"). Borzych has filed this proposed civil action pursuant to 42 U.S.C. § 1983, related to his inability to obtain a snack bag and the Wisconsin Department of Corrections' ("DOC") prohibition on smoking. Borzych has filed a motion to waive the filing fee (dkt. #4), and seeks immediate injunctive relief (dkt. #3). For reasons explained below, the court is denying Borzych's motions. If he wishes to proceed with the claims in this lawsuit, he must submit the entire $402 filing fee.[1]

---

[1] The court notes that, up until recently, Borzych was subject to a filing restriction imposed by the Court of Appeals for the Seventh Circuit, which ordered that until Borzych paid all of his outstanding filings fees related to his lawsuits before this court, the clerks of all federal courts were "directed to return unfiled any papers submitted directly or indirectly on behalf of Borzych." *Borzych v. Litscher*, No. 18-1152 (7th Cir. Apr. 11, 2018). The clerk of this court has confirmed that plaintiff has paid the fees associated with the Seventh Circuit's restriction. As such, although Borzych will not be granted leave to proceed under the *in forma pauperis* statute, the Seventh Circuit's restriction on Borzych's filings no longer prevents the clerk of court from accepting his submissions.

OPINION

Since he is incarcerated, Borzych's complaint is governed by the Prison Litigation Reform Act (the "PLRA"), which imposes certain conditions on the privilege of proceeding *in forma pauperis*. In particular, under the "three-strikes rule" found at 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while imprisoned, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

Court records confirm that, while imprisoned, Borzych has filed at least three previous civil actions that were dismissed as frivolous or for failure to state a claim: (1) *Borzych v. Litcher*, No. 02-cv-128-bbc (W.D. Wis. Mar 15, 2002) (dismissed as frivolous and for failure to state a claim); (2) *Borzych v. Litscher*, No. 01-cv-723 (E.D. Wis. Nov. 5, 2002) (dismissing and imposing a strike); and (3) *Elkins et al. v. Bertrand et al.*, No. 02-cv-232 (E.D. Wis. Apr. 25, 2002) (dismissed for failure to state a claim upon which relief can be granted). Indeed, the Court of Appeals for the Seventh Circuit has recognized that Borzych is subject to the restriction of § 1915(g). *Borzych v. Litscher*, No. 18-1152 (7th Cir. Apr. 11, 2018) (denying Borzych leave to proceed *in forma pauperis* on appeal). Because Borzych has at least three strikes against him, he may not proceed *in forma pauperis* unless the pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Allegations

2

of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *Ciarpaglini*, 352 F.3d at 330 (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)).

Here, Borzych does not allege facts that begin to meet this requirement. Borzych alleges that from 1993 to 2015, he weighed approximately 165 pounds, but from 2015 to 2017, he inexplicably lost 19 pounds. He was concerned about his weight loss, so he requested a snack bag, which was denied because his body mass index was within a normal range. Borzych claims that in late 2018, he passed out in his cell and injured his rectum. Borzych eventually underwent an x-ray of his rectum in January of 2020, which did not show any problems. In 2018 or 2019, Borzych was able to regain the weight that he had lost by obtaining food from other inmates, but he claims he continues to suffer from stomach aches and dizziness.

Borzych's assertion that he continues to suffer from dizziness and stomach aches does not support an inference that he is in imminent danger of serious physical injury. Indeed, to the extent that Borzych requires medical attention, his allegations do not suggest that Waupun officials are ignoring his efforts to obtain medical attention. While Borzych disagrees with a 2015 decision not to issue him a snack bag and remains concerned about his dizziness and stomach aches, his allegations do not suggest that he is in imminent danger of serious injury; rather, it appears that Borzych has been raising his concerns with prison officials, and they have been responsive, albeit not to his satisfaction. In short, Borzych's allegations related to his access to food do not fall under the imminent harm exception.

Borzych also challenges a policy, enacted in the year 2000, prohibiting inmates from smoking at Waupun.  Borzych's insistence that this policy continues to cause him psychological torture does not permit an inference of imminent danger of serious physical injury.  Indeed, Borzych brought the same claim in the Eastern District of Wisconsin 2017, and that court concluded he had not pled imminent danger of serious physical injury then, a finding which was then affirmed by the Seventh Circuit.  *Borzych v. Litscher*, No. 17-cv-672-WCG, 2017 WL 11469766 (E.D. Wis. Dec. 19, 2017); *Borzych*, No. 18-1152, slip op. (7th Cir. Apr. 11, 2018) (denying leave to proceed on appeal *in forma pauperis*).  Borzych's added allegation in this lawsuit -- that the psychological stress of the COVID-19 pandemic has worsened the impact of this policy -- does not support an inference that his inability to smoke now places him at imminent risk of physical injury.

It follows that Borzych does not satisfy the exception found in § 1915(g) and that he is barred from proceeding without prepayment of the full filing fee in this case.  The court likewise sees no basis for immediate injunctive relief and will deny his request for an injunction.  Accordingly, the court will dismiss this case without prejudice.  If Borzych submits the $402 fee by the deadline set below, the court will reopen the case.

ORDER

IT IS ORDERED that:

1) Plaintiff Garry Borzych's motion to waive the filing fee (dkt. #4) is DENIED.

2) Borzych's complaint is dismissed without prejudice, subject to being reopened if Borzych submits the $402 filing fee by **April 1, 2021.**

3) Plaintiff's motion for immediate injunctive relief (dkt. #3) is DENIED.

4) Plaintiff's motion to inquire and notice of motion for overdue screening order (dkt. ##6, 7) are DENIED as moot.

Entered this 11th day of March, 2021.

                          BY THE COURT:

                          /s/

                          _____
                          WILLIAM M. CONLEY
                          District Judge