IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARRY A. BORZYCH,

                Plaintiff,                        ORDER

v.

                                                        20-cv-485-wmc

WISCONSIN LEGISLATURES,
GWENDOLYN A. VICK, LINDA
ALSUM, TONIA MOON, EMILY
DAVIDSON, and CINDY O'DONNELL,

                Defendants.

---

*Pro se* plaintiff Garry Borzych is a state inmate incarcerated by the Wisconsin Department of Corrections at the Waupun Correctional Institution ("WCI"). Borzych filed this proposed civil action pursuant to 42 U.S.C. § 1983, related to his inability to obtain a snack bag and the Wisconsin Department of Corrections' ("DOC") prohibition on smoking and sought leave to proceed *in forma pauperis*. However, Borzych is subject the "three-strikes rule" found at 28 U.S.C. § 1915(g). Under that statute, a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while imprisoned, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. On March 12, 2021, the court issued an order denying Borzych's request to waive the filing fee and for injunctive relief, and directing Borzych to submit the entire $402 filing fee if he wanted to proceed in this lawsuit. (Dkt. #8.) Borzych seeks reconsideration of that order (dkt. #10) as well as to use his release account funds to pay the $402 filing fee (dkt. #11), both of which the court denies for the reasons that follow briefly.

OPINION

*First*, Borzych argues that § 1915(g) violates his rights under the First Amendment.

However, it is well-established in this circuit that § 1915(g) does not violate the constitution because there is no constitutional right to subsidized access to the courts. *Johnson v. Daley*, 339 F.3d 582, (7th Cir. 2003) (citing *United States v. Kras*, 409 U.S. 434, 93 S. Ct. 631, (1973)); *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) (citing decisions from the Third, Fifth, Sixth, Eighth, Ninth, Tenth and Eleventh Circuits all rejecting constitutional challenges to § 1915(g), "based on the due process right of access to the courts, the equal protection clause, the ex post facto clause, the first amendment right to petition for redress of grievances, and several others").

*Second*, Borzych challenges the court's conclusion that his claims arising from being denied a snack bag between 2015 and 2017, and the 2000 smoking prohibition did not support a finding of imminent danger of serious physical injury. Borzych claims that the court failed to acknowledge his allegations of continued lightheadedness, dizziness and stomach pains, and that the smoking ban continues to cause him mental anguish and, in fact, that smoking could help prevent a coronavirus infection. However, as the court has already stated, past harms do not satisfy the imminence requirement; the physical danger must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Although the court is construe his allegations generously and avoid a "complicated set of rules about what conditions are serious enough" to constitute a "serious physical injury," *id*. at 331, Borzych has not alleged that the cancellation of his snack bag continues to be a problem, that his complaints of lightheadedness, dizziness or stomachaches have been left untreated, or that these symptoms are the result of an ongoing or imminent failure to provide him needed medical care. To the contrary, Borzych alleged that in 2017 he was placed on a "feed cell," and

that he has been able to gain back the weight he lost between 2015 and 2017. (Compl. (dkt. #1) ¶¶ 62, 64.) Borzych further claims that the court ignored his allegation that his dizziness could be a sign of brain damage, but Borzych's proposed claim in this lawsuit was not against any of his *current* health care providers; he seeks to proceed on Eighth Amendment claims related specifically to his denial of access to a snack bag between 2015 and 2017. The alleged residual effect of that past harm is not the type of physical injury that falls under the exception to § 1915(g). In any event, courts are to "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331 (citing *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)), and Borzych has not alleged any facts supporting his speculative assertion that he may be suffering from brain damage.

Furthermore, as to Borzych's challenge to the smoking prohibition, Borzych alleges psychological, not physical, harm as a result of the smoking ban. Although he further claims that smoking would prevent him from contracting COVID-19, that assertion runs directly contrary to the CDC's finding that smoking *increases* the risk of severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 21, 2021). As such, the court is denying his motion for reconsideration, and this lawsuit will remain closed unless Borzych pays the full filing fee by **May 7, 2021.**

On that note, Borzych has also filed a motion seeking to access his release account to pay the full filing fee. However, there is no federal law permitting this court to require state officials to pay for litigation costs by accessing a prisoner's release account funds. The only time this court may order use of release account funds is when a prisoner's general

account has insufficient funds to pay an initial partial filing fee payment, pursuant to 28 U.S.C. § 1915.  *See Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005).

Further, the use of release account funds is governed by state law.  Wis. Admin. Code § DOC 309.466.  According to § 309.466(2), "[p]rior to release, the department may authorize the disbursement of release account funds for purposes that will aid the inmate's reintegration into the community or that will reimburse the department for incarceration costs, including legal loans and restitution."  While the Supremacy Clause of the United States Constitution requires state law to give way to a competing federal law in rare instances, there is no federal law that requires state officials to give prisoners money from their release account to pay the costs of prosecuting a civil lawsuit.  This court, therefore, has no constitutional authority to direct prison officials to release plaintiff's funds at this time.  Accordingly, the court must deny Borzych's motion to access his release account to pay the full filing fee.

## ORDER

IT IS ORDERED that:

1) Plaintiff Garry Borzych's motion for reconsideration (dkt. #10) is DENIED.

2) Plaintiff's motion for use of release account funds (dkt. #11) is DENIED.

3) This case will remain closed unless Borzych submits the $402 filing fee by **May 7, 2021.**

Entered this 26th day of April, 2021.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge